IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN J. McGREEVY             *
                                *
v.                              *
                                *    Civil No.  JKS 10-123
MICHAEL J. ASTRUE               *
Commissioner of Social Security *
                                *

**MEMORANDUM OPINION**

Plaintiff Stephen J. McGreevy (McGreevy) brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Astrue) denying his claim for supplemental security income benefits (SSI) under title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition.  McGreevy's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, McGreevy's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

McGreevy filed an application for SSI on January 18, 2008, alleging an onset of disability on September 1, 2005.  (R. 135).  Following denial of his claims initially and on reconsideration, an Administrative Law Judge (ALJ) held a hearing on April 16, 2009.  On May 8, 2009, the ALJ found that McGreevy was not disabled within the meaning of the Act.  (R. 9-17).  The Appeals Council denied his request for review, and he then filed this action.

**2. Standard of Review.**

This case presents no disputes of fact. Therefore, this court's review is limited to whether the correct law was applied. *Pass v. Chater*, 65 F.3d. 1200, 1202 (4th Cir. 1995). As in *Pass*, the court must determine whether the Commissioner correctly followed his Regulations.

**3. Discussion.**

McGreevy does not take issue with the ALJ's application of Grid Rule 201.14, which directed a finding that he was "not disabled," or with any other aspect of the ALJ's decision. Instead, he invokes the Regulation that directs consideration, in borderline age cases, of whether to use the older age category to obtain a finding of "disabled." 20 C.F.R. § 416.963(b); *see also* HALLEX II-5-3-2 and POMS Section DI25015-005. Noting that he had reached a borderline age by the time the Appeals Council denied review, he claims that the Appeals Council should have considered, or directed the ALJ to consider, whether he was disabled based on the higher age category. Astrue responds that the Appeals Council correctly determined that there was no basis for granting review, thus rendering the ALJ's decision final for purposes of this court's review. McGreevy replies that his case warranted Appeals Council review because it presented "a broad policy or procedural issue that may affect the general public interest." *See* 20 C.F. R. § 416.1470(a)(4).[1] In sum, the parties agree that the Commissioner will consider borderline age in deciding whether a claimant is disabled. They disagree only on when that consideration must occur during the administrative process. McGreevy argues that the Appeals Council must consider it; Astrue responds that the Appeals Council need not consider it unless it grants review on some other basis.

---

[1] No other basis for Appeals Council review is arguably present. *See* 20 C.F.R. § 416.1470(a).

A rule that the Appeals Council must grant review whenever a change in circumstances occurs between the time of the ALJ's decision and the time the case reaches the Appeals Council would fundamentally alter the Appeals Council's role. Appeals Council review may be requested when a party "is dissatisfied with the hearing decision." 20 C.F.R. § 416.1467. Review is granted if the Appeals Council "finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." Although new evidence may be submitted to the Appeals Council, it must relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b). These Regulations clarify that the Appeals Council's role is to correct errors made by ALJs.

In addition to defining the Appeals Council's role, the Regulations enable discharge of the Commissioner's statutory mandate to render final decisions by establishing a time at which a decision becomes final. 42 U.S.C. § 405(a), (b). The Regulations provide that where Appeals Council review is not granted, the ALJ's decision is final. 20 C.F.R. § 416.1481.

In the context of this case, the Commissioner's duty to render final decisions could not be discharged if there were no time after which a change in age will not be considered. McGreevy argues that his new age status placed his case within the Appeals Council's public policy scope of review. However, that decision belongs to the Appeals Council, not to this court.[2] Similarly, authority to determine when an increase in age will no longer be considered, and to define when the Commissioner's decision is final, belongs to the Commissioner, not to this court. Here, the Commissioner has determined that a change in age category should be considered when the age category changes "within a few months after the alleged onset date, the date last insured . . . or

---

[2] At the Appeals Council level, McGreevy alleged that the ALJ erred by not considering his impairments in combination. He did not ask the Appeals Council to consider his new borderline age status. (R. 120).

3

the date of the ALJ's decision." HALLEX II-5-3-2. There is no mention of consideration after those events.

This court's jurisdiction is limited to reviewing the Commissioner's final decision. 42 U.S.C. § 405(g). Where, as here, that decision is admittedly correct, this court must affirm.

**4. Conclusion.**

For the foregoing reasons, McGreevy's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted. A separate Order will be entered.

Date: November 22, 2010                           /S/
                                                                                                         JILLYN K. SCHULZE
                                                                                                    United States Magistrate Judge